UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. PORTER, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-01583 AC<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.

On April 18, 2018, plaintiff filed the following: (1) a motion to extend discovery (ECF No. 22); (2) a motion to compel discovery (ECF No. 23), and (3) a motion for sanctions (ECF No. 24). On May 7, 2018, defendants filed oppositions to plaintiff's motion for sanctions and motion for extension of time. ECF Nos. 25, 26. An opposition to plaintiff's motion to compel was filed on May 9, 2018. ECF No. 27. For the reasons stated below, the court will deny all three motions. The court will also order plaintiff to return or destroy any and all privileged documents received from defense counsel and order the privileged document filed by plaintiff stricken from the record.

////

////

1

I.      MOTION TO EXTEND DISCOVERY

    A.      Plaintiff's Motion to Extend Discovery Deadlines

Plaintiff moves to extend the discovery deadline date from May 4, 2018, to May 27, 2018. ECF No. 22. He asserts that good cause to do so exists because on March 1, 2018, he was transferred to another facility, and as a result, he did not have access to his personal and legal property until several weeks later. See ECF No. 22 at 1. Plaintiff also requests the additional time so that he may propound his requests for admission ("RFAs"). See id.

    B.      Defendants' Opposition

Defendants argue that in light of the fact that discovery began in January 2018, plaintiff has had ample time to comply with the discovery and scheduling order; he simply failed to timely propound his RFAs. See ECF No. 26 at 1. Furthermore, defendants assert, plaintiff has not explained why he failed to propound the admission requests in the months preceding his transfer. See id. In addition, when defendants objected on untimeliness grounds to the RFAs that plaintiff did attempt to serve, plaintiff did not challenge defendants' objections, nor did he move to compel further responses prior to the discovery deadline of May 4, 2018.[1] See id. at 2-3. Finally, defendants point out, a further extension would affect the dispositive motion deadline, which would unnecessarily delay these proceedings. See id. at 3. For these reasons, they argue, the court should deny plaintiff's extension request.

    C.      Discussion

A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)).

---

[1] The motion to compel addressed here, timely filed on April 18, 2018, requests that defendants be compelled to produce responses to two interrogatory requests. See generally ECF No. 23. It does not request that defendants be compelled to produce responses to plaintiff's RFAs.

2

The discovery and scheduling order, issued January 16, 2018, clearly stated that the parties were permitted to conduct discovery until May 4, 2018 and that the service of discovery requests was to occur no later than sixty days prior to this date. See ECF No. 19 at 5. Thus, the RFAs plaintiff currently wishes to propound should have been served by March 5, 2018.

The March 1, 2018 transfer and the resultant lack of access to legal materials may have been factors beyond plaintiff's control. While the court understands that a prisoner's transfer to a different facility may create considerable uncertainty, and it acknowledges the fact that such a change often separates the transferee from his belongings for a notable length of time, plaintiff's transfer occurred four days before all written discovery was to have been served.

Plaintiff was given the opportunity to serve discovery as early as January 2018 – well in advance of his transfer – and it appears that he did serve some. See generally ECF No. 23 (plaintiff's motion to compel); see also ECF No. 20 (court granting defendants two-week extension of time to file responses to discovery requests plaintiff served). Plaintiff does not assert that he made timely efforts to serve the RFAs prior to the March 5, 2018 deadline but was unable to do so despite his efforts. See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (stating scheduling order may be modified if it cannot be met despite diligence of party seeking extension) (citing Johnson, 975 F.2d at 609). In sum, plaintiff has not demonstrated he exercised diligence when attempting to serve his RFAs. Therefore, the inquiry stops here, and the court need not consider whether a denial of plaintiff's motion would result in injustice to him. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, (9th Cir. 1992) (stating party's lack of diligence ends inquiry as to whether motion to modify should be denied); see, e.g., Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (finding movants' failed to demonstrate diligence and stopping further inquiry). Accordingly, the court will deny plaintiff's motion to extend the discovery deadline date (ECF No. 22) due to failure to show diligence.

II. MOTION TO COMPEL DISCOVERY

    A. Plaintiff's Motion to Compel

Pursuant to Federal Rules of Civil Procedure 34(b) and 37(a), plaintiff moves for an order to compel defendants to produce the documents plaintiff requested in his first requests for

production of documents ("RFPs"). See ECF No. 23 at 1. Specifically, he asks that the court require defendants to produce items asked for in RFP Nos. 3 and 11. These requests read as follows:

Request for Production No. 3:
> Produce any and all documents, e-mail [sic] concerning any defendants [sic] related proceeding whether administrative, civil or criminal, in which any defendants was [sic] formally counseled, disciplined, punish [sic] or criminal [sic] prosecuted or other wise [sic] made the subject of remedial action in connection with having failed to make report [sic] or having made false statement [sic] of any kind.

Request for Production No. 11:
> Produce any and all documents, e-mail [sic] concerning any defendants relating to proceeding [sic] whether administrative, civil or criminal, in which any defendants was [sic] formally counseled, disciplined, punish [sic] or criminally prosecuted or other wise [sic] made the subject of remedial action while at CSP-Sac as a correctional officer or employee, whether present or prior [sic].

ECF No. 23 at 1-2 (brackets added).

Plaintiff states that he is seeking damages and a declaratory judgment against defendants due to their retaliation, harassment and violation of his First Amendment right to communicate through the mail. ECF No. 23 at 2. He argues that the documents he seeks are relevant, and that Federal Rule of Civil Procedure 26(b)(1) permits the discovery of "any non-privileged matter that is relevant to any party's claim or defense." Id. at 2-3. Plaintiff contests defendants' assertion that their personnel records are not relevant to this action. See id. at 3. He insists that they are relevant because in his complaint, he states that other inmates have complained about defendants' mishandling of mail to no avail, and personnel records would show this. This would, in turn, support his claims against all the defendants because such evidence is admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. See generally id. at 3-4. For these reasons, plaintiff asserts, the court should grant his motion to compel.

B. Defendants' Opposition

Defendants contend that their objections to plaintiff's RFPs are valid and that as a result, the court should deny plaintiff's motion to compel. See ECF No. 27 at 1-2. They also suggest

that plaintiff's motion to compel is flawed because it did not reproduce defendants' responses, nor does it explain why their objections are not meritorious. See id. at 2; see generally ECF No. 23. Defendants' responses to plaintiff's RFP Nos. 3 and 11 are as follows:

Response to Request for Production No. 3:
> Responding party objects on the ground that the request is overly broad and seeks documents that are not relevant to acclaim or defense in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the request seeks information that is confidential and protected by the individual Defendants' right to privacy and the official information privilege. Without waiving these objections, following a diligent search, responding party has no responsive documents within [his/her] possession, custody or control.

Response to Request for Production No. 11:
> Responding party objects on the ground that the request is overly broad and seeks documents that are not relevant to a claim or defense in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the request seeks information that is confidential and protected by the individual Defendants' right to privacy and the official information privilege.

ECF No. 27 at 2-3.

With respect to defendants' response to RFP No. 11, defendants further assert that plaintiff seeks "documents that are confidential and protected by the official information privilege," and "documents from administrative, civil or criminal proceedings, from an open-ended timeframe where the Defendants were subject to 'remedial action'," and that as result, the documents plaintiff seeks to obtain from the request are unclear. Consequently, it is "difficult [for them] to imagine the relevance of those documents to a claim or defense in this lawsuit." See ECF No. 27 at 3 (brackets added). Defendants further assert that in their responses to plaintiff's interrogatories, they told plaintiff that they had not been subject to disciplinary action stemming from staff complaints filed against them that are related to this incident. See id.; see also ECF No. 23 at 10 (defendants' response to Plaintiff's Interrogatory No. 11).

Defendants also argue that to the extent that plaintiff is requesting third-party inmate grievances that show mistreatment of inmates' mail, those grievances – if they exist – would not be relevant to this action and would constitute inadmissible character evidence. See ECF No. 27

at 3-4. Finally, defendants contend that the production of such a request would be unduly burdensome and would infringe on third-party inmates' rights to privacy. See id. at 4. For these reasons, defendants argue, the court should deny plaintiff's motion to compel.

C. Discussion

Plaintiff's RFP No. 3 seeks any and all documents related to proceedings in which defendants were counseled, disciplined, punished and the like in connection with having failed to make a report of having made a false statement. See ECF No. 23 at 1. No other limiting parameters are provided. See generally id. Given that defendants have stated that they do not have such responsive documents (see ECF No. 27 at 2-3), the court need not address their substantive arguments opposing the motion to compel. The motion to compel production of RFP No. 3 documents can only be denied outright.

As for RFP No. 11, although the request as written is ambiguous, plaintiff clarifies in his motion that he seeks only documents related to defendants' mishandling of inmates' mail and his argument that these documents are relevant to his supervisory liability and other claims (see ECF No. 23 at 3-4). Such documents, however, are not discoverable. Whether other inmates have filed staff complaints against defendants alleging that they wrongfully mishandled their mail is not relevant to plaintiff's mishandling and retaliatory claims against defendants. This is because whether similar complaints have been lodged by third parties against defendants is a fact of no consequence in the outcome of this action. See Federal Rule of Evidence 401 (defining relevant evidence as that which has tendency to make fact more or less probable than without it and said fact is consequence in determining action). In addition, the request is overly burdensome as it would require defendants to search potentially hundreds of inmate files to determine if each of them was named in a complaint. In light of these findings, the motion to compel production of RFP No. 11 is also denied.

III. MOTION FOR SANCTIONS

A. Plaintiff's Motion for Sanctions

Plaintiff contends that defendants produced perjured interrogatory responses. The accusation of perjury is based on an e-mail indicating that defense counsel made small edits to

6

defendants' interrogatory responses after they had been signature-verified. Plaintiff contends that because defendants never examined the edits, they constitute perjury. See ECF No. 24 at 2. He further contends that because the deadline for defense counsel to submit the unedited, original interrogatories has passed, sanctions are appropriate.

B. Defendants' Opposition

Via sworn declaration, defense counsel contends that "any formatting or typographical errors that were corrected prior to mailing did not alter the verification of those responses." ECF No. 25-1 at 2. Defense counsel conveyed this fact to plaintiff via a meet and confer letter on April 2, 2018. See id.

Defense counsel further asserts that the e-mail in question, along with other protected attorney work-product, was inadvertently sent to plaintiff. See id. As a result, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), plaintiff was obligated either to return it or destroy all originals and copies. See id. Defense counsel states that plaintiff returned the e-mail and other documents and that she received them on April 17, 2018. See id. However, prior to returning the e-mail at issue, plaintiff made a copy of it and has filed it in open court to support this motion for sanctions. See id.; see also ECF No. 24 at 4.

C. Discussion

Plaintiff's motion for sanctions is denied. Although defense counsel's decision to correct formatting or typographical errors of defendants' verified responses without subsequent verification prior to mailing them to plaintiff (see generally ECF No. 25-1 at 2) is of concern, defense counsel has stated under penalty of perjury that the corrections made "did not alter the verification of those responses." See id. In light of this statement, it does not appear that plaintiff has not been harmed by defense counsel's indiscretion. There is no reason to doubt the substantive accuracy of the responses as defendants' answers. Moreover, the privileged document in question was produced to plaintiff in error. See id. Given these facts, defense counsel should not be sanctioned for the error, nor should plaintiff benefit from it when absent it, he would not have had access to the privileged content the error produced. For these reasons, the sanction of defense counsel is not appropriate.

7

Finally, plaintiff is reminded that despite his pro se status, he is obligated to follow the rules and applicable law in this action like any other litigant. See E.D. Cal., L.R. 183(a) (2009). By retaining the privileged e-mail in question and copying it, plaintiff violated federal rules. See Federal Rule of Civil Procedure 26(b)(5)(B) (requiring recipient of privileged information to promptly return, sequester or destroy privileged information and copies and forbidding its disclosure prior to resolution of claim). Therefore, plaintiff will be ordered to either promptly return or to promptly destroy any and all original e-mail and/or other privileged and/or protected documents and any copies in his possession that he has received in this action. In addition, the court will order the privileged materials filed by plaintiff (see ECF No. 24 at 4) to be stricken from the record.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend discovery deadlines (ECF No. 22) is DENIED;
2. Plaintiff's motion to compel discovery (ECF No. 23) is DENIED;
3. Plaintiff's motion for sanctions (ECF No. 24) is DENIED;
4. Plaintiff is to either promptly return to defense counsel or to promptly destroy any and all original e-mail and/or other privileged and/or protected documents and any copies in his possession that he has received in this action. See Fed. R. Civ. Proc. 26(b)(5)(B), and
5. The privileged material filed by plaintiff on April 18, 2018 (ECF No. 24 at 4) is to be STRICKEN from the record by the Clerk of Court.

DATED: May 21, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8